IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SKYLAR VAWN KING,<br><br>Defendant. | CR 22–18–BU–DLC<br><br>AMENDED ORDER |

Defendant having entered a plea of guilty as to count II of the indictment in this case,

IT IS ORDERED that:

1. Sentencing is set down for **October 27, 2022**, at **9:00 A.M.**, in the Russell Smith Courthouse, Missoula, Montana.

2. The United States Probation Office shall conduct a presentence investigation in accordance with Fed. R. Crim. P. 32(b) and 18 U.S.C. § 3552(a).

3. Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the probation officer) to the defendant, counsel for the defendant, and counsel for the government no later than **September 22, 2022**. The probation officer shall not disclose, directly or indirectly to anyone under any circumstances, the substance or contents of any recommendation made or to be made to the Court.

4.     In cases where restitution is mandatory, the probation officer shall consider a payment plan with the Defendant and make recommendations to the Court concerning interest and a payment schedule.

5.     In accordance with U.S.S.G. § 6A1.2, after receipt of the presentence report and no later than **October 3, 2022**, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort.  Any requests for extensions of time to present objections to the probation officer must be granted by the Court.  Extensions will not be granted absent compelling reasons.

6.     The defendant shall present the probation officer with a written letter of acceptance of responsibility, if any, no later than **October 3, 2022**.  Late acceptance letters will not be considered without leave of Court.  But see Fed. R. Crim. P. 32(i)(4)(A)(ii) (recognizing that the defendant has the right to address the Court orally at sentencing).

7.     The presentence report, in final form, shall be delivered to the Court and the parties no later than **October 12, 2022**.

8.     If the objections made pursuant to ¶ 5 are not resolved and counsel wishes the Court to address them, the objecting party shall submit all unresolved

objections and a sentencing memorandum to the Court no later than **October 18, 2022**. The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing.

9. The parties are advised that in the absence of good cause, the Court will not allow witness testimony at sentencing except as authorized by Fed. R. Crim. P. 32(i). The Court will not approve payment of witness fees and costs under Fed. R. Crim. P. 17(b) unless the witness testimony is authorized by Rule 32(i). If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than **October 18, 2022**, of the identity of the witness and the scope and purpose of the intended testimony. The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating ex parte application for witness subpoenas.

10. Without leave of Court, the defendant may file no more than ten (10) letters of support. Defendants wishing to file more than ten (10) letters must first seek leave of Court explaining why a greater number is necessary. Letters in support shall be filed on or before **October 18, 2022**.

11. Any responses to sentencing memoranda shall be filed on or before **October 21, 2022**.

12. Reply briefs will not be accepted for filing in sentencing matters.

DATED this 29th day of June, 2022.

_____
Dana L. Christensen, District Judge
United States District Court